UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **PRISCILLA WADE, individually** | * | CIVIL ACTION |
| **and on behalf of her minor** | * | NO. 17802 |
| **children, MAKYIYA WADE** | * | |
| **and MIKEAYLA WADE** | * | |
| | * | JUDGE |
| **VERSUS** | * | |
| | * | |
| **JUAN MUNOZ and GEICO** | * | MAGISTRATE JUDGE |
| **GENERAL INSURACE COMPANY** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes petitioner, **PRISCILLA WADE, individually and on behalf of her minor children, MAKYIYA WADE and MIKEAYLA WADE,** a resident of the full age of majority and domiciled in the Parish of Ouachita, State of Louisiana, who respectfully represents that:

1.

Made defendants herein are:

A. **JUAN MUNOZ**, a person of the full age of majority whose domicile, on information and belief, is 3641 Fyfield Ct., Land O' Lakes, Florida 34638; and

B. **GEICO GENERAL INSURANCE COMPANY**, on information and belief, a foreign insurance company licensed to do and doing business in the State of Louisiana whose agent for service is The Secretary of the State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

The defendants herein are individually and jointly indebted unto the petitioner for such damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

3.

On or about June 25, 2016, an automobile collision occurred involving three (3) vehicles, more particularly described as follows: (1) a 2015 Honda Civic, V.I.N. 19XFB2F73FE100131, owned and being driven by **JUAN MUNOZ** who had **EMANUELE ROCCO** as his passenger; (2) a 2014 Nissan Rogue, V.I.N. JN8AS5MV4EW708732, owned and being driven by **ANGELINA MARTINEZ** who had **BLANCA BUSTILLO, DEBEK MARTINEZ, DAISY MARTINEZ, HERMALINDA ACOSTA** as her passengers; and (3) a 2016 Nissan Altima, V.I.N. 1N4AL3AP7GN326504, owned by **EAN HOLDINGS, LLC**, and being driven, with express permission, by **PRISCILLA WADE** who had **MIKEAYLA WADE, MAKYIYA WADE, JANET MILES-BARTEE, JANAE WEAVER, and CONRAD BARTEE** as her passengers.

4.

The automobile collision occurred on S.R. 60 in Pinellas County, Florida. Upon information and belief, the defendant driver, **JUAN MUNOZ**, was westbound in the curb lane of S.R. 60. The vehicle driven by **ANGELINA MARTINEZ** was westbound on S.R. 60 ahead of **JUAN MUNOZ'S** vehicle. **PRISCILLA WADE** was westbound on S.R. 60 in the left lane and to the south of **JUAN MUNOZ'S** vehicle. The defendant driver did not see **ANGELINA MARTINEZ'S** vehicle slowing and attempted to steer left but the front right corner of **JUAN MUNOZ'S** vehicle struck the left rear of **ANGELINA MARTINEZ'S** vehicle. The defendant driver then struck the left rear of **PRISCILLA WADE'S** vehicle with the front left quarter panel over the front wheel of **JUAN MUNOZ'S** vehicle. According to the police report, **JUAN MUNOZ** was issued a citation (#316.1925) for

careless operation. Furthermore, **JUAN MUNOZ** was negligent in that he failed in his responsibility to maintain a sharp lookout and/or that he followed at a distance from the preceding vehicle that was insufficient as to allow him to stop safely under the circumstances, thus causing the collision herein sued upon. As a result of **JUAN MUNOZ'S** failure to slow his vehicle down, stop, travel at a distance behind the preceding motorist that was sufficient as to allow him to stop safely, and/or see that which he should have seen, **JUAN MUNOZ** thus caused severe injuries, expenses, and damages to **PRISCILLA WADE, MAKYIYA WADE, and MIKEAYLA WADE**.

5.

As a result of the sudden and unforeseen collision, **PRISCILLA WADE** sustained serious injuries to her person including, but not limited to, injuries to her neck, back, shoulders, right wrist, right upper extremities, head accompanied with headaches and dizziness, and emotions, all of which have required her to seek appropriate medical care, attention, treatment, and evaluations from medical providers of her choice.

6.

As a result of the sudden and unforeseen collision, **MAKYIYA WADE** sustained serious injuries to her person including, but not limited to, injuries to her neck, back, right lower extremities, knees, head accompanied with headaches, and emotions, all of which have required her to seek appropriate medical care, attention, treatment, and evaluations from medical providers of her mother's choice.

7.

As a result of the sudden and unforeseen collision, **MIKEAYLA WADE** sustained serious injuries to her person including, but not limited to, injuries to her neck, back,

shoulders, head accompanied with headaches, and emotions, all of which have required her to seek appropriate medical care, attention, treatment, and evaluations from medical providers of her mother's choice.

8.

At the time of the occasion in question, **JUAN MUNOZ** while operating said vehicle, failed to use ordinary care by various acts and omissions, including the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

A. In failing to keep a proper lookout;
B. In failing to maintain control of the vehicle;
C. In failing to take necessary actions to avoid the collision;
D. In failing to see what should have been seen;
E. In failing to use such diligence and care in the operation and control of the vehicle as is commensurate with the circumstances;
F. In failing to act as a reasonable person under the then prevailing circumstances;
G. Interfering with controlling traffic on the roadway;
H. In failing to exercise reasonable care;
I. In failing to act with a duty of great care and breaching his duty of great care owed to the preceding motorist;
J. In following too closely;
K. In failing to follow the preceding motorist at an interval as would enable him to avoid a collision;
L. In failing to closely observe the preceding motorist;
M. In failing to maintain an appropriate speed or distance behind the preceding motorist;
N. In failing to have due regard for the traffic upon and the condition of the roadway; and
O. In failing to protect other drivers on the roadway from bodily injury and property damage due to his negligence.

9.

The petitioner alleges that, on information and belief, defendant, **GEICO GENERAL INSURANCE COMPANY**, issued a policy of liability insurance to **CARLOS MUNOZ RAMOS and/or JUAN MUNOZ**, which policy covered such acts of negligence

4

on the part of **JUAN MUNOZ** and said policy was in full force and effect on the date and at the time of the automobile collision herein sued upon. Thus, **GEICO GENERAL INSURANCE COMPANY** is liable unto the plaintiff for all of the special damages and general damages sustained by **PRISCILLA WADE, MAKYIYA WADE, and MIKEAYLA WADE** as the liability insurance carrier for **CARLOS MUNOZ RAMOS and/or JUAN MUNOZ**, which covered the negligent actions, inactions, or omissions of the defendant driver, **JUAN MUNOZ**.

10.

As a result of the motor vehicle collision herein sued upon, **PRISCILLA WADE** sustained damages including, but not limited to, past and future loss of enjoyment of life, inconvenience, embarrassment, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future physical impairment, negligent infliction of emotional distress, lost wages, medical related expenses and bills, and all non-economic damages.

11.

As a result of the motor vehicle collision herein sued upon, **MAKYIYA WADE** sustained damages including, but not limited to, past and future loss of enjoyment of life, inconvenience, embarrassment, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future physical impairment, negligent infliction of emotional distress, medical related expenses and bills, and all non-economic damages.

12.

As a result of the motor vehicle collision herein sued upon **MIKEAYLA WADE** sustained damages including, but not limited to, past and future loss of enjoyment of life, inconvenience, embarrassment, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future physical impairment, negligent infliction of emotional distress, medical related expenses and bills, and all non-economic damages.

13.

Petitioner, **PRISCILLA WADE, individually and on behalf of her minor children, MAKYIYA WADE and MIKEAYLA WADE**, shows that a cause of the subject motor vehicular crash, in whole or in part, was as a result of the fault, negligence, and carelessness of the defendant driver, **JUAN MUNOZ**, for which **GEICO GENERAL INSURANCE COMPANY and JUAN MUNOZ** are responsible in the following particulars:

- A. Failure of Juan Munoz to keep a proper lookout for other vehicles;
- B. Failure of Juan Munoz to keep his vehicle under proper control at the time of the subject motor vehicular accident; and
- C. Failure of Juan Munoz to see what should have been seen.

14.

Petitioner has not been compensated for the damages sustained as a result of the motor vehicle accident herein sued upon.

15.

Upon information and belief, the automobile collision sued on herein, which was caused by the negligence and/or inattentiveness of the defendant driver, Juan Munoz,

directly caused and/or either aggravated any pre-existing injuries to **PRISCILLA WADE, MAKYIYA WADE, and MIKEAYLA WADE**.

16.

As a direct result of the collision sued on herein, **MAKYIYA WADE**, suffered injuries to her right knee, which required surgical intervention.

17.

Petitioner specifically pleads the doctrine of res ipsa loquitur.

18.

Petitioner requests that all expenses incurred by plaintiff be taxed as costs.

19.

Plaintiff desires to have this Honorable Court fix the fees of each and every expert witness that the plaintiff may be required to use to establish her cause of action and to tax same as costs of court.

20.

Upon information and belief, it is widely believed that Priscilla Wade adopted Makyiya Wade and Mikeayla Wade several years ago. As a result, Priscilla Wade avers that she is the proper party to institute this action on behalf of her minor children, Makyiya Wade and Mikeayla Wade, who live with her. Alternatively, petitioner requests permission from this Honorable Court to proceed with this action on behalf of her minor children.

21.

Upon information and belief, it is widely believed that the defendant driver, **JUAN MUNOZ**, takes full and complete responsibility for his actions, inactions, omissions, and/or negligent conduct that caused the collision sued on herein.

**WHEREFORE**, premises considered, petitioner prays that a copy of this petition be served upon the defendants in the manner prescribed by law and that, after due proceedings are had and after all legal delays, there be judgment in favor of petitioner, **PRISCILLA WADE, individually and on behalf of her minor children, MAKYIYA WADE and MIKEAYLA WADE**, and against the defendants, **JUAN MUNOZ and GEICO GENERAL INSURANCE COMPANY**, individually and jointly, for such damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, for all costs of these proceedings and for all other and further relief to which the plaintiff may be entitled.

Respectfully Submitted:
**THE LAW FIRM OF EDDIE CLARK & ASSOCIATES, L.L.C.**
1001 Century Boulevard
Monroe, Louisiana 71202
Phone: (318) 361-9697
Fax: (318) 361-9889

BY: s/Eddie M. Clark
Eddie M. Clark (La. Bar Roll No. 29551)
Jasmine M. Callies (La. Bar Roll No. 37436)

**PLEASE SERVE:**

**GEICO GENERAL INSURANCE COMPANY**
Through Its Registered Agent for Service:
The Secretary of the State of Louisiana
8585 Archives Avenue
Baton Rouge, Louisiana 70809

***SERVICE INFORMATION CONTINUED ON NEXT PAGE***

**PLAINTIFF WILL SERVE VIA LOUISIANA LONG-ARM STATUTE:**

**JUAN MUNOZ**
At his place of domicile:
3641 Fyfield Ct.
Land O' Lakes, Florida 34638