# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **PRISCILLA WADE, individually and on behalf of her minor children, MA.W and MI.W** | * | **CIVIL ACTION NO. 17-0802** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **JUAN MUNOZ AND GEICO GENERAL INSURANCE COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a compound motion to dismiss for lack of personal jurisdiction and for improper venue, or alternatively to transfer [doc. # 8] filed by defendant, Juan Munoz, which defendant, GEICO General Insurance Company ("GEICO") joined in and adopted, via separate motion [doc. # 10]. For reasons assigned below, it is recommended that the motions to dismiss be DENIED, but that this case be transferred to the United States District Court for the Middle District of Florida, Tampa Division.

## Background

On June 25, 2016, Priscilla Wade was the operator of a 2016 Nissan Altima involved in a three car accident in Pinellas County, Florida. (Compl.). Juan Munoz was the driver of a 2015 Honda Civic, who according to Wade, was at fault in precipitating the accident. *Id*. On June 22, 2017, Wade filed the instant complaint, on behalf of herself and her two minor daughters, in the United States District Court for the Western District of Louisiana on the basis of diversity

jurisdiction, 28 U.S.C. § 1332.[1] Made defendants were Juan Munoz and his liability insurer, GEICO. (Compl.). Wade seeks recovery for injuries she and her daughters sustained as a result of the accident. *Id*.

On July 17, 2017, Munoz filed the instant motion to dismiss for lack personal jurisdiction and for improper venue pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure. Alternatively, if the court were to deem it in the interest of justice, Munoz asked that the matter be transferred to the United States District Court for the Middle District of Florida, Tampa Division – a district and division where the action could have been brought. On July 19, 2017, GEICO adopted Munoz's motion, via its own motion.

On August 8 and 9, 2017, Wade filed virtually identical oppositions to defendants' motions, wherein she did not dispute that this court lacked personal jurisdiction over defendants, but, in lieu of dismissal, she urged transfer to the United States District Court for the Middle District of Florida, Tampa Division. Defendants did not file reply briefs, and the time to do so has lapsed. *See* Notices of Motion Setting [doc. #s 9 & 12]. Thus, the matter is ripe.

## **Discussion**

### I.     **Personal Jurisdiction**

"When a nonresident defendant timely questions a federal district court's *in personam* jurisdiction over it, the plaintiff asserting jurisdiction has the burden of proving that the court has jurisdiction over the defendant." *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831–32 (5th Cir.1986), on reh'g in part, 836 F.2d 850 (5th Cir.1988) (citations omitted).

Here, plaintiff agrees that this court may not exercise personal jurisdiction over

---

[1] Plaintiff's Second Supplemental, Amended and Restated Complaint establishes diversity jurisdiction. [doc. # 19].

defendants. The court necessarily concurs.

**II.    Venue**

The general venue statute provides that a civil action may be brought in –

**(1)**    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)**    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)**    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[2]

"[T]he plaintiff has the burden of proving the district he chose is a district of proper venue." *Joseph v. Emmons*, No. 04-2843, 2005 U.S. Dist. LEXIS 5528, at *5 (E.D. La. Mar. 22, 2005); *accord Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-20 (E.D. La. 1995).

In response to defendants' motions, plaintiff made no effort to establish the propriety of venue in this district. Indeed, by conceding that this court does not enjoy personal jurisdiction over either defendant, plaintiff effectively agreed that venue is not proper here under §§

---

[2] Furthermore,
For all venue purposes –
**(1)**    a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;

**(2)**    an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business . . .

28 U.S.C. § 1391(c)(1)-(2).

3

1391(b)(1) and (3).

Venue also does not lie in this district under § 1391(b)(2). The only connection that this district has with the dispute is that plaintiff is domiciled here, and therefore, is likely receiving medical care and suffering the effects of her injuries here. However, courts have consistently held that the situs of the accident is the determining factor for § 1391(b)(2) – not the place where the plaintiff received treatment or continues to suffer disability. *Joseph v. Emmons*, 2005 WL 757358 (E.D. La. 3/23/05); *Jenkins v. Georgia-Pacific Co.*, 2002 WL 638561 (E.D. La. 4/17/02); and *Smith v. Fortenberry*, 903 F. Supp. 1018, 1021 (E.D. La. 11/20/1995).

## III.    Dismissal vs. Transfer

Whenever a court determines that it lacks jurisdiction to hear a case filed before it, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ." 28 U.S.C. § 1631. Courts have recognized that transfer under § 1631 is "appropriate where the transferor court determines it lacks personal jurisdiction but dismissal of the action might cause the plaintiff's cause of action to be barred by limitations." *Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, No. 03-2786, 2004 WL 1962208, at *2 (N.D. Tex. Sept. 1, 2004) (citation omitted). These circumstances are present here.

Similarly, when venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendants primarily urge dismissal. However, dismissal and re-filing are a time-consuming and inefficient process. *See Smith*, 903 F. Supp. at 1021-1022. The interests of justice are best served by transferring this case to the Middle District of Florida,

Tampa Division, which, by all accounts, is a district where venue,[3] personal jurisdiction, and subject matter jurisdiction all coincide, and therefore, represents a district where the action could have been brought.  *See Smith, supra*; *Joseph, supra*; and *Britton v. City of Dubuque*, No. 15-0033, 2015 WL 2384397, at *6 (W.D. Tex. May 18, 2015).

## Conclusion

For the reasons stated above,

IT IS RECOMMENDED that the motions to dismiss [doc. #s 8 & 10] filed by defendants Juan Munoz and GEICO General Insurance Company be DENIED, but that movants' alternative request to transfer this matter to the United States District Court for the Middle District of Florida, Tampa Division be GRANTED.  28 U.S.C. §§ 1406(a) and 1631.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[3] Pinellas County – the Florida county where the accident occurred – and Pasco County – the county where Munoz resides – are both located in the Tampa Division of the Middle District of Florida.

5

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 1st day of September 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE