FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA WADE, individually,
PRISCILLA WADE, as parent and
legal guardian of MA.W., and
PRISCILLA WADE, as parent and
legal guardian of MI.W.,

    Plaintiffs,

CASE NO.: 8:17-cv-2575-T-36TBM

vs.

JUAN MUNOZ,

    Defendant,
_____/

## THIRD AMENDED COMPLAINT

Plaintiffs, PRISCILLA WADE, individually; PRISCILLA WADE, as parent and legal guardian of MA.W.; and PRISCILLA WADE, as parent and legal guardian of MI.W. sue the Defendant, JUAN MUNOZ, an individual, and allege:

1. This is an action for damages that exceed $75,000.00, exclusive of interest and costs.

2. At all times material hereto, the Plaintiff, PRISCILLA WADE, is and was a resident of Monroe, Ouachita Parish, Louisiana.

3. At all times material hereto, the Plaintiff, PRSICILLA WADE, is and was the parent and legal guardian of minor Plaintiffs, MA.W. and MI.W.

4. At all times material hereto, the Plaintiff, MA.W., is and was a resident of Monroe, Ouachita Parish, Louisiana

5. At all times material hereto, the Plaintiff, MI.W., is and was a resident of Monroe, Ouachita Parish, Louisiana

6. At all times material hereto, Defendant, JUAN MUNOZ, is and was a resident of Pasco County, Florida.

7. On or about June 25, 2016, the Plaintiff, PRISCILLA WADE, was lawfully operating her vehicle on State Road 60, located in Pinellas County, Florida.

8. At that time and place, the Defendant, JUAN MUNOZ, negligently operated his 2015 HONDA CIVIC (19XFB2F7) causing a collision with the Plaintiff's vehicle.

## COUNT I – CLAIM OF PRISCILLA WADE AGAINST JUAN MUNOZ

The Plaintiff re-alleges and re-incorporates paragraphs one through eight, and further alleges:

9. At all times material hereto, Defendant, JUAN MUNOZ, owed a duty to the Plaintiff to exercise reasonable care in the operation and control of the vehicle he was operating so as not to injure the Plaintiff.

10. At all times material hereto, Defendant, JUAN MUNOZ, was careless and negligent and breached the above duty in one or more of the following ways, including but not limited to:

   a) By negligently operating a vehicle and causing a collision with the Plaintiff;

   b) By failing to maintain a proper lookout;

   c) By failing to keep his vehicle under control;

   d) By failing to follow the traffic control device;

   e) Committed other acts of negligence yet to be determined; and

   f) By violating Florida Statutes.

11. As a direct and proximate result of the negligence of Defendant, JUAN MUNOZ, the Plaintiff, PRISCILLA WADE, was injured in and about her body and/or aggravated a pre-existing condition of injury, suffered pain therefrom, incurred medical and related expenses in the

treatment of her injuries, suffered physical handicap, suffered significant scarring and disfigurement, emotional distress, suffered loss of wages, and her working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of an important bodily function, and has lost the capacity for the enjoyment of life.

12. In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, disfigurement, scarring, emotional distress, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, the Plaintiff, PRISCILLA WADE, demands judgment for damages, including prejudgment interest and costs, against Defendant, JUAN MUNOZ, and requests trial by jury on all issues in this cause.

### COUNT II – CLAIM OF MA.W. AGAINST JUAN MUNOZ

The Plaintiff re-alleges and re-incorporates paragraphs one through eight, and further alleges:

13. At all times material hereto, Defendant, JUAN MUNOZ, owed a duty to the Plaintiff to exercise reasonable care in the operation and control of the vehicle he was operating so as not to injure the Plaintiff.

14. At all times material hereto, Defendant, JUAN MUNOZ, was careless and negligent and breached the above duty in one or more of the following ways, including but not limited to:

    a) By negligently operating a vehicle and causing a collision with the Plaintiff;

    b) By failing to maintain a proper lookout;

    c) By failing to keep his vehicle under control;

d) By failing to follow the traffic control device;

e) Committed other acts of negligence yet to be determined; and

f) By violating Florida Statutes.

15. At the subject time and place, the Defendant was negligent in the foregoing ways, said negligence being the sole cause of the Plaintiff's injuries. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, MA.W., a minor, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The Plaintiff will suffer such losses in the future. Plaintiff, PRISCILLA WADE, individually as parent of Plaintiff, MA.W., during her minority and thereafter any dependency, have incurred and will incur in the future until the latter of the child attaining majority or no longer being dependent upon said parent, the expense of hospitalization, medical, psychological and nursing care and treatment, as well as financial support after attaining majority, if said child due to her injuries remains wholly or partially dependent after attaining her majority, for her child, Plaintiff, MA.W.

16. In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, disfigurement, scarring, emotional distress, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, PRISCILLA WADE, as parent and legal guardian of MA.W., demands judgment for damages, including prejudgment interest and costs, against Defendant, JUAN MUNOZ, and requests trial by jury on all issues in this cause.

## COUNT III – CLAIM OF MI.W. AGAINST JUAN MUNOZ

The Plaintiff re-alleges and re-incorporates paragraphs one through eight, and further alleges:

17. At all times material hereto, Defendant, JUAN MUNOZ, owed a duty to the Plaintiff to exercise reasonable care in the operation and control of the vehicle he was operating so as not to injure the Plaintiff.

18. At all times material hereto, Defendant, JUAN MUNOZ, was careless and negligent and breached the above duty in one or more of the following ways, including but not limited to:

   a) By negligently operating a vehicle and causing a collision with the Plaintiff;

   b) By failing to maintain a proper lookout;

   c) By failing to keep his vehicle under control;

   d) By failing to follow the traffic control device;

   e) Committed other acts of negligence yet to be determined; and

   f) By violating Florida Statutes.

19. At the subject time and place, the Defendant was negligent in the foregoing ways, said negligence being the sole cause of the Plaintiff's injuries. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, MI.W., a minor, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The Plaintiff will suffer such losses in the future. Plaintiff, PRISCILLA WADE, individually as parent of Plaintiff, MI.W., during her minority and thereafter any dependency, have incurred and will incur in the future until the latter of the child attaining majority or no longer being dependent upon said parent, the expense of

hospitalization, medical, psychological and nursing care and treatment, as well as financial support after attaining majority, if said child due to her injuries remains wholly or partially dependent after attaining her majority, for her child, Plaintiff, MI.W.

20. In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, disfigurement, scarring, emotional distress, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

WHEREFORE, the Plaintiff, PRISCILLA WADE, as parent and legal guardian of MI.W., demands judgment for damages, including prejudgment interest and costs, against Defendant, JUAN MUNOZ, and requests trial by jury on all issues in this cause.

          **LAW OFFICES OF ERIC S. BLOCK, PLLC**

          /s/ **Caitlin O'Donnell**

          _____
          **ERIC S. BLOCK**
          Florida Bar No.: 915531
          **CAITLIN O'DONNELL**
          Florida Bar No.: 116026
          6817 Southpoint Parkway, Suite 2502
          Jacksonville, Florida 32216
          Telephone: 904-475-9400
          Facsimile: 904-475-9411
          Primary email: eservice@ericblocklaw.com
          Counsel for Plaintiff

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2018 a copy of the foregoing was e-filed with the Clerk of Court utilizing the CM/ECF system and which will electronically transmit an electronic copy to:

Eddie M. Clark, Esquire
eclark@clarkinjurylawyers.com
bsanders@clarkinjurylawyers.com
nicole@clarkinjurylawyers.com

Sean-Kelly Xenakis, Esquire
SX-KD@Kubickidraper.com

Nicholas J. Thompson, Esquire
njt@kubickidraper.com

/s/ Caitlin O'Donnell
Attorney

7